Caron J. HAMILTON, aka Paul Hamilton, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 093 CR.

Court of Appeals of Texas, Beaumont.

Nov. 23, 1983.

---

Harold F. Harris, Temple, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted on November 5, 1980, in Bell County, for burglary of a building. He waived a jury trial, and on December 11, 1980, was found guilty by the court and sentenced to eight years confinement in the Texas Department of Corrections. Appellant gave oral notice of appeal in open court on December 22, 1980. On February 12, 1981, after a motion by appellant, he was transferred to the Texas Department of Corrections pending his appeal. On September 1, 1982, pursuant to the provisions of Senate Bill 265, 67th Legislature, Regular Session, 1981, the appeal was transferred to the Court of Appeals, Third Supreme Judicial District in Austin. By order of May 4, 1983, the appeal was transferred to this Court by the Supreme Court of Texas.

Appellant's sole ground of error follows:

"The Trial Court erred in overruling the Appellant's motion to quash the Appellant's written statement given to the Temple Police Department on the Second day of September, 1980."

Officer Henderson testified he advised appellant of each of the rights accorded appellant by *TEX.CODE CRIM.PROC. ANN. art. 38.22, § 2* (Vernon 1979). After an oral interview, the statement was typed. Appellant read the typed statement, averred to its truth, then signed it. It was again read to him. Officer Henderson testified appellant was sober, did not appear under any disability, and did not request an attorney.

It is quite true, as appellant argues in his brief, that he took the stand and denied each of these statements made by the officer. He has a tenth grade education, and his level of understanding was far clearer to the trial judge, who listened to him and observed his testimony, than it is to this Court, whose only exposure to him is from the record. The trial court announced his findings as follows:

"THE COURT: The Court finds that the statement was given after the defendant was warned of his rights. It was given after the defendant on at least two occasions gave up his rights freely and voluntarily by executing the instruments as introduced herein in State's exhibits three and four, finds that at the time the statement was taken, that the defendant, prior to the taking of the statement, was again informed of his rights prior to the taking of the statement, that the defendant freely and voluntarily gave the statement, signed his name thereto, that the officer taking the statement then read the statement to him and after having afforded him an opportunity to read the statement over himself prior to signing the same, that the statement is admissible as a statement given freely, voluntarily and with knowledge of the rights and the waiving of those rights knowingly."

In such a situation, the questions raised herein by appellant are to be resolved by a court or jury. *Hawkins v. State,* 613 S.W.2d 720 (Tex.Cr.App.1981); *White v. State,* 591 S.W.2d 851, 860 (Tex.Cr.App. 1979). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.